UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAFAEL FIGUEROA,                                             CV

                              Plaintiff,
          v.                                              COMPLAINT

327 EAST 3RD STREET HOUSING                                  JURY TRIAL REQUESTED
DEVELOPMENT FUND CORPORATION,

                             Defendant.
------------------------------------------------------------x

## COMPLAINT

Plaintiff Rafael Figueroa (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendant 327 East 3rd Street Housing Development Fund Corporation ("Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes the Defendant's pervasive, ongoing, and inexcusable disability discrimination. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendant owns, leases, leases to, operates, and/or controls a place of public accommodation that violates the above-mentioned laws. Defendant, through its employees and agents violated the above-

mentioned laws, and is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2. This Defendant made a financial decision to ignore the explicit legal requirements for making its place of public accommodation accessible to persons with disabilities. In so doing, Defendant made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendant to accept responsibility. This action seeks to right Defendant's discriminatory acts via recompensing Plaintiff and making Defendant's place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendant provides to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, Plaintiff Rafael Figueroa has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, Plaintiff Rafael Figueroa has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7. Defendant is licensed to and does business in New York State.

8. Defendant owns the property located at 327 East 3rd Street in New York County, New York and the building thereon ("327 East 3rd Street").

9. Defendant operates 327 East 3rd Street.

10. Upon information and belief, Barber Shop of 3rd Street, operates and leases space within 327 East 3rd Street (the "Barber Shop premises") from Defendant.

11. Upon information and belief, Barber Shop of 3rd Street operates a barber shop at the Barber Shop premises.

12. Upon information and belief, Defendant and Barber Shop of 3rd Street have a written lease agreement.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Defendant is a public accommodation as it owns, leases, leases to, places of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102) at the building located at 327 East 3rd Street, including the Barber Shop premises located at 327 East 3rd Street.

14. The Barber Shop premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

15. Numerous architectural barriers exist at the Barber Shop premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

16. Upon information and belief, at some time after January 1992, alterations were made to 327 East 3rd Street, including areas adjacent and/or attached to 327 East 3rd Street

17. Upon information and belief, at some time after January 1992, alterations were made to the Barber Shop premises, and to areas of 327 East 3rd Street related to the Barber Shop premises.

18. Within the past three years of filing this action, Plaintiff has visited the Barber Shop premises.

19. Plaintiff desires the opportunity to independently and safely access the Barber Shop premises when he desires to get a haircut.

20. Plaintiff desires the opportunity to independently and safely access the Barber Shop premises, however, Defendant denies Plaintiff this opportunity as when it altered the Barber Shop premises Defendant created and/or maintained steps that exclude, endanger and/or deter individuals with disabilities who use wheelchairs from the Barber Shop premises.

21. Defendant also denies Plaintiff the opportunity to independently and safely access the Barber Shop premises as it maintains architectural barriers at the Barber Shop premises and areas of 327 East 3rd Street related to the Barber Shop premises.

22. Plaintiff and other persons with mobility disabilities are endangered and deterred from patronizing the Barber Shop premises as they are forced to seek assistance and jeopardize their life safety to enter the Barber Shop premises to have their hair cut.

23. Plaintiff uses a wheelchair for mobility and an entrance with a step is no different than a sign informing wheelchair users to "keep out." *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the disabled).

24. The services, features, elements and spaces of the the Barber Shop premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

25. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to Defendant's public accommodation.

26. Defendant's place of public accommodation has not been designed, altered or maintained in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"), the 2014 New York City Building Code ("2014 BC")

including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014/2022 Ref Std"), and the 2022 New York City Building Code ("2022 BC"), including the 2014/2022 Ref Std .

27. Barriers to access that Plaintiff encountered and/or which exist at Defendant's public accommodation include, but are not limited to, the following:

I. An accessible route is not provided from the public street and sidewalk to the public entrance to the Barber Shop premises.
*Defendant fails to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II. Defendant fails to provide an accessible public entrance to the Barber Shop premises.
*Defendant fails to provide that at least 50% of all its public entrances are accessible.  See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendant fails to provide that at least 60% of all its public entrances are accessible.  See 2010 ADA § 206.4.1.*
*Defendant fails to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendant fails to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III. No signage identifies an accessible entrance to the Barber Shop premises (to the extent Defendant claims it provides an accessible public entrance).
*Defendant fails to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

IV. The entrance doors to the Barber Shop premises lacks level maneuvering clearances at the push side of the door due to steps.
*Defendant fails to provide an accessible door with level maneuvering clearances.  See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

V. There is a step at the entrance door to the Barber Shop premises.
*Defendant fails to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*

*Defendant fails to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

VI.  The public entrance to the Barber Shop premises has stairs lacking handrails.
*Defendant fails to provide handrails on both sides of the stairs. See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std § 4.9.4; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

VII.  The entrance to the Barber Shop premises, which is also an exit, is not accessible.
*Defendant fails to provide accessible means of egress in the number required by the code. See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

28.  Upon information and belief, a full inspection of the exterior of the Barber Shop premises will reveal the existence of other barriers to access.

29.  As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the exterior of the Barber Shop premises in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

30.  Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

31.  Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures for persons with disabilities are compliant with the laws. Nor has Defendant made or provided accommodations or modifications to persons with disabilities.

32. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access at the exterior of the Barber Shop premises continue to exist and deter Plaintiff.

33. Plaintiff resides in the neighborhood in which the Barber Shop premises is located.

34. Plaintiff goes to the Barber Shop premises approximately once a month for a haircut.

35. To enter the Barber Shop premises, Plaintiff must "pop a wheelie" and then receive assistance from patrons or employees at the Barber Shop premises to surmount the gateway barrier, the step at the entrance of the Barber Shop premises.

36. Defendant endangers Plaintiff by its creation and maintenance of a step at the Barber Shop premises.

37. Defendant deters Plaintiff by its creation and maintenance of a step at the Barber Shop premises as there are times Plaintiff desires to have his haircut at the Barber Shop premises but does not, due to the need to rely on strangers to surmount the barriers at the entrance.

38. Plaintiff intends to continue to patronize the Barber Shop premises after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

39. Plaintiff continues to suffer an injury due to Defendant's maintenance of architectural barriers at the Barber Shop premises.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

40. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

41. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

42. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

43. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. 36.201(b).

44. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use its place of public accommodation all because Plaintiff is disabled. Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

45. By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

46. Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991

9

Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

47. Defendant's place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

48. Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

49. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

50. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

51. By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

52. In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

53. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

54. Defendant has and continues to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

55. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

56. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

57. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

58. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

59. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use its place of public accommodation all because Plaintiff is disabled.

11

60. Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.

61. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

62. In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

63. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

64. It would not impose an undue hardship or undue burden on Defendant to make its place of public accommodation fully accessible.

65. As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

66. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

67. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

68. Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking

and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

69. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

70. Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

71. Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

72. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

13

73. Defendant has subjected, and continues to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

74. Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

75. Defendant's failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendant's failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

76. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, Defendant continuously controlled, managed, and operated the public sidewalk abutting 327 East 3rd Street which includes the portion of the sidewalk constituting the entrance to Defendant's place of public accommodation.

77. Defendant's failure to construct and maintain an accessible entrance from the public sidewalk to Defendant's place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

78. Defendant discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

79. Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

80. Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

81. Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendant is enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

82. As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

83. Upon information and belief, Defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

84. By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

85. Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

86. By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

87. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

88. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

89. Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

90. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

91. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

92. Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive

relief is necessary to order Defendant to alter and modify its place of public accommodation and its operations, policies, practices, and procedures.

93. Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

94. Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant removes all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award Plaintiff compensatory damages as a result of Defendant's violations of the NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages in order to punish and deter the Defendant for its violations of the NYCHRL;

F. Award Plaintiff the monetary penalties for each and every violation of the law, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: June 2, 2023
      New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By: ___/s_____
Robert G. Hanski, Esq.
Attorneys for Plaintiff
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email: rgh@parkerhanski.com